IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Plaintiff,

v.

CIVIL ACTION NO.:CV507-039

MICHAEL P. BOGGS, Judge;
RICHARD E. CURRIE, District
Attorney; CRAIG PITTMAN;
MELBA H. FIVEASH, Clerk;
EARNEST LOCKEY, JR.; JIM
McGEE, III; CECIL TANNER,
and MARTIN H. EAVES,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined in the McIntosh County Jail in Darien, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988). 28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that Defendants Michael P. Boggs, Richard E. Currie, Craig Pittman, Melba H. Fiveash, Earnest Lockey, Jr., Jim Mcgee III, and Cecil Tanner conspired to deny him due process of law by recusing themselves from his civil action and not allowing him to amend his complaint. Plaintiff asserts Defendants' actions caused an unreasonable delay in his civil trial against one of the Defendants. Plaintiff offers, as proof to support his conspiracy claim, documents showing that Defendants disqualified themselves from hearing a civil case involving another of the Defendants. He also claims that the order denying his motion to amend one of his complaints is further proof of the conspiracy.

Conspiracy to interfere with civil rights occurs when two or more people attempt to deprive a person of equal protection or equal privileges of the law. Plaintiff claims that

2

Defendants' violated his right to a speedy trial under the Sixth Amendment. The right to a speedy trial is guaranteed only to those charged with a criminal offense, not to those who bring a civil action. U.S. CONST. amend. VI, § 1. Plaintiff's state law complaint is civil, and therefore, is afforded no protection under the Sixth Amendment. Therefore, Plaintiff cannot sustain his conspiracy claims because he has failed to establish that his constitutionally protected rights have been violated.

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED**, this 26th day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)