FILED
U.S. DISTRICT COURT
[illegible] DIV.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.:CV507-039 |
| MICHAEL P. BOGGS, Judge; RICHARD E. CURRIE, District Attorney; CRAIG PITTMAN; MELBA H. FIVEASH, Clerk; EARNEST LOCKEY, JR.; JIM McGEE, III; CECIL TANNER, and MARTIN H. EAVES, | : | |
| Defendants. | : | |

### ORDER

Presently before the Court are Plaintiff's Objections, as amended[1], to the Magistrate Judge's Report and Recommendation. While the undersigned agrees that Plaintiff's Complaint should be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983, the undersigned finds the Magistrate Judge's analysis underlying this recommendation to be inapplicable. Accordingly, the undersigned rejects the Report and Recommendation of the Magistrate Judge.

In his Objections, Plaintiff asserts he did not allege Defendants conspired to violate his constitutional rights. Plaintiff contends his cause of action pertains to the lack of jurisdiction and a void judgment. It appears Plaintiff alleges he was prosecuted in state court before a grand jury indicted him. Plaintiff contends his right to due process

---

[1] Plaintiff filed a Motion to Amend Judge James Graham's Recommendation (Doc. No. 7), which the Court construes as his amended Objections to the Magistrate Judge's Report and Recommendation.

was violated because the trial court lacked jurisdiction over him. Plaintiff seeks monetary damages in excess of ten (10) million dollars. (Compl., p. 6).

In general, the distinction between claims that may be brought as § 1983 claims and those that must be brought as habeas petitions is now reasonably well settled. Claims in which a prisoner asserts he is being subjected to unconstitutional punishment not imposed as part of his sentence, such as, for example, being subjected to beatings at the hands of correctional officers, are § 1983 actions, not habeas actions. See, e.g., Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed.2d 156 (1992). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. See, e.g., Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

Based on this settled distinction, the claim at issue and the relief sought here are far more analogous to those asserted in habeas petitions rather than § 1983 actions. Plaintiff's claim appears to be that he was not indicted in state court, yet he was convicted. Because the relief requested under § 1983 would undermine his conviction, the court must treat the claim as a habeas corpus claim. Gwin v. Snow, 870 F.2d 616, 626 (11th Cir. 1989). Although Plaintiff contends that the lack of an indictment violated his constitutional rights, he has failed to prove that his conviction has been invalidated by any court of the State of Georgia. To the extent Plaintiff wishes to assert a claim for money damages under § 1983, he cannot do so unless and until he has proven the

termination of his prior criminal prosecution in his favor. Heck, 512 U.S. at 484, 114 S. Ct. at 2371.

Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 23rd day of August, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA